<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MARIE CURTO, et al., | : : : : | Civ. Action No.: 16-5928-BRM-LHG |
| Plaintiffs, | : : | |
| v. | : : | **MEMORANDUM OPINION** |
| A COUNTRY PLACE CONDOMINIUM ASSOCIATION, INC., et al., | : : : | |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant A Country Place Condominium Association, Inc.'s ("Defendant") Motion to Dissolve Temporary Restraints. (Dkt. No. 11.) On August 29, 2016, Plaintiffs Marie Curto, Diana Lusardi, and Steve Lusardi (collectively, "Plaintiffs") brought the present action against Defendant and various corporate and individual Does for, *inter alia*, alleged sex discrimination in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*, and New Jersey's Condominium Act, N.J.S.A. 46:8B-1, *et seq.*, in the Superior Court of New Jersey, Law Division, Ocean County under docket number OCN-L-2319-16. (Dkt. No. 1-1.) On the same day, Plaintiffs moved to temporarily restrain Defendant from, among other things, continuing to impose a system of gender segregation at the community swimming pool of the condominium community at which Plaintiffs reside. (Dkt. No. 2.) The Honorable Craig L. Wellerson, P.J.Cv., entered an Order to Show Cause with Temporary Restraints (the "TRO"), dated August 29, 2016, which temporarily enjoined Defendant from, among other things, proposing, implementing, or enforcing any common area gender

segregation rules in Plaintiffs' condominium community and from issuing violation notices, fines, or sanctions for use of the community pool in violation of gender segregation rules. (Dkt. No. 2.)

On August 30, 2016, Defendant was served with both the Complaint and the Order to Show Cause. (Notice of Removal (Dkt. No. 1) at ¶ 7.) On September 26, 2016, Defendant timely removed this action to the Federal District Court for the District of New Jersey. (Dkt. No. 1.) On October 26, 2016, thirty days later, Defendant moved to dissolve the TRO. (Dkt. No. 11.)

Pursuant to federal statute, "[w]henever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "After removal, the district court 'takes the case up where the State court left it off.'" *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436, (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)). "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose*, 415 U.S. at 437. Indeed, "Section 1450 implies as much by recognizing the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Id.*; *see also In re Diet Drugs*, 282 F.3d 220, 232 (3d Cir. 2002). Thus, a temporary restraining order entered prior to removal remains in effect and is governed by Fed. R. Civ. P. 65 from the date of removal. *Granny Goose*, 415 U.S. at 438-440. Under Rule 65, unless a temporary restraining order is extended, it expires no later than fourteen days after the date of removal. Fed. R. Civ. P. 65(b)(2); *see also Granny Goose*, 415 U.S. at 440 n. 15 (providing examples to clarify rule); *Ingris v. Bank of Am.*, Civ. No. 14-3726 (MAS) (DEA), 2015 U.S. Dist. LEXIS 5547, at *5 (D.N.J. Jan. 16, 2015) (finding state court temporary restraining order had automatically expired

fourteen days after removal where plaintiff did not file a motion to extend the order).

Here, since the removal of this case from state court, Plaintiffs have not moved for an extension of the TRO or moved for a preliminary injunction. The TRO, therefore, expired on October 10, 2016, fourteen days after this matter was removed to federal court. Defendant's Motion to Dissolve Temporary Restraints is moot, because there are currently no temporary restraints in effect against Defendant.

Accordingly, for good cause shown, Defendant's Motion to Dissolve Temporary Restraints (Dkt. No. 11) is **DENIED** as moot.

**Date: October 28, 2016**                              **/s/ Brian R. Martinotti          **
                                                         **HON. BRIAN R. MARTINOTTI**
                                                         **United States District Judge**