UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CURTO, DIANA LUSARDI and STEVE LUSARDI,<br><br>Plaintiffs,<br><br>v.<br><br>A COUNTRY PLACE CONDOMINIUM ASSOCIATION, INC., ABC CORP. 1 to 10, and JOHN DOE 1 to 10.<br><br>Defendants. | CIVIL ACTION<br><br>Case No.: 3:16-CV-5928 (BRM)(LHG)<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs Marie Curto, Diana Lusardi and Steve Lusardi residing in the Township of Lakewood, in the County of Ocean and State of New Jersey says by way of Complaint.

## FACTUAL BACKGROUND

1.  Defendant A Country Place Condominium Association, Inc. is a non-profit corporation organized under the laws of the State of New Jersey.

2.  Defendant A Country Place Condominium Association governs a condominium community located in the Township of Lakewood, New Jersey.

3.  Defendant A Country Place Condominium Association is subject to the laws, regulations and ordinances of the United States, the State of New Jersey and the Township of Lakewood.

4.  Defendant A Country Place Condominium Association is subject to the its substantively lawful and lawfully passed Master Deeds of file, by-laws and its rules and regulations.

5. Defendant A Country Place Condominium Association maintains a business office at Recreation Building, South Lake Drive, Lakewood, New Jersey.

6. Defendants ABC Corp. 1 to 10 and John Doe 1 to 10 are fictitiously named persons and entities who engaged in the unlawful and unauthorized conduct outlined in this complaint who are presently unknown or who may later be joined in this action as a necessary party.

7. Plaintiff Steve Lusardi is 69 years old and is a resident in a condominium complex knows as A Country Place in the Township of Lakewood, New Jersey.

8. Plaintiff Steve Lusardi resides with his wife, Plaintiff Diana Lusardi, who is 70 years old and their son Jason Lusardi.

9. Plaintiffs Steve Lusardi and Diana Lusardi are unit owners with an address of 1 C Carnation Drive, Lakewood, NJ 08701.

10. Approximately 15 years ago Plaintiffs Steve Lusardi and Diana Lusardi were residents of A Country Place for a period of about 8 years, and during that time they used the community pool regularly.

11. During that time there were no set hours and anyone could use the pool at any time.

12. Subsequently Plaintiffs Steve Lusardi and Diana Lusardi moved out of Lakewood.

13. In June 2013 Plaintiffs Steve Lusardi and Diana Lusardi moved back to A Country Place to their current residence.

14. When they moved in they could use the pool at any time while it was open.

15. One of the reasons they purchased their current residence was so they could use the pool as husband and wife.

16. Plaintiffs Diana Lusardi had two strokes in early 2013 and she is disabled.

17. It was Plaintiffs Steve Lusardi and Diana Lusardi specific intention to conduct "pool therapy" as rehabilitation due to the strokes.

18. Plaintiffs all pay a monthly maintenance fee of $215.00 per unit, which includes use of the pool.

19. Beginning in 2015 the Board of Directors for A Country Place began segregating pool hours by gender.

20. This year in the late spring/early summer 2016 the Board of Directors of A Country Place Condominium Association instituted a "Pool schedule and rules for Summer 2016."

21. The rules provide that the pool is open from 8:00 a.m. to 9:00 p.m. daily.

22. The rules further state "Hours of use are posted. Please comply to give everyone the opportunity to enjoy the pool."

23. From approximately June 2016 to the present, the pool schedule provided that the use of the pool would be segregated and restricted on the basis of gender, with the exception of all day Saturday and 1:00 p.m. to 3:00 p.m. Sunday through Friday.

24. The by-laws of A Country Place Condominium Association state that a husband and wife over the age of 55 may occupy a unit, along with any children 19 or over.

25. Plaintiffs Steve Lusardi and Diana Lusardi are both over 55 and their son Jason is over the age of 19.

26. The Lusardis are all valid residents according to the by-laws.

27. Based on information and belief, the community is comprised of 376 units.

28. The "General Information and Regulations of A Country Place Condominium Association," dated September 2008 contain provisions governing pool usage.

29. The regulations relating to the pool do not authorize gender segregation, but rather state:

> **SWIMMING POOL**
>
> Pool hours are from 10:00 a.m to 8:00 p.m. Use of the pool is limited to residents and their guests. Badges may be obtained at the office. The pool rules are posted poolside.

30. On June 16, 2016 Plaintiff Steve Lusardi attended a Board meeting of A Country Place and read the statement.

31. In the statement Plaintiffs Steve Lusardi advised the Board that he moved back to A County Place because the pool would be very therapeutic for his disabled wife.

32. Plaintiffs Steve Lusardi asked the Board to explain its implementation of the schedule and specifically advised the Board that federal law prohibits discrimination based on gender.

33. In spite of the schedule Plaintiffs Steve Lusardi and Diana Lusardi used the pool during gender segregated hours.

34. In retaliation Plaintiffs Steve Lusardi and Diana Lusardi received a $50.00 fine for an alleged violation of the "regulations."

35. In response to the fine Plaintiff Steve Lusardi advised the board by letter dated July 1, 2016 that the by-laws contained no provisions regarding violations, the fining process or fines for offenses.

36. Plaintiff Steve Lusardi asked the Board "When was my hearing?"

37. Plaintiff Steve Lusardi asked the Board if it would follow federal law that prohibits discrimination based on gender.

38. Effective July 17, 2016 the pool schedule was modified, but the hours of gender segregation remained the same.

39. On July 21, 2016, Jason Lusardi, a legal resident of A Country Place, attended a meeting of the Board and he was not permitted to speak.

40. Jason Lusardi, who holds power of attorney for Plaintiff Diana Lusardi and is one of her caretakers was permitted to speak at a prior meeting on July 16, 2016.

41. Jason Lusardi is authorized by Plaintiff Diana Lusardi to speak on her behalf at Association meetings.

42. In response Plaintiff Steve Lusardi wrote a letter dated July 22, 2016 to the Board that requested that it explain its authority to prevent Jason Lusardi from speaking at a meeting.

43. On July 27, 2016 Plaintiff Steve Lusardi received a letter from the Board responding to some of his inquiries.

44. The letter did not outline the authority for the pool schedule or fines other than to state "ACP is a private Association and as per counsel we are well within our rights to serve the vast majority of the community (even though we also provide and are considerate for the minority). You are inconsiderate of the majority and wish for minority rule. That is not our community."

45. In addition, with regard to preventing Jason Lusardi from speaking, the letter stated, "only Home Owners are permitted to attend Open Meetings."

46. However, the by-laws do not have such a provision.

47. On July 24, 2016 Plaintiff Steve Lusardi exited the pool was told to "Cover Up" by the Board Treasurer, Fay Engelman, even though he was fully clothed and wearing a shirt, a bathing suit and sandals.

48. Ms. Engelman pointed to new rule posted on the lobby door stating, "If going into the pool please enter lobby in proper attire."

49. Plaintiff Steve Lusardi memorialized this incident in a letter to the Board dated July 28, 2016.

50. On July 31, 2016 Plaintiff Steve Lusardi wrote to the Board again and asked for the fine schedule for pool violations.

51. Plaintiff Steve Lusardi also requested documentation of a claim made by the Board at a June meeting that 200 members requested the pool schedule.

52. On August 4, 2016 Plaintiff Steve Lusardi received a notice presumably sent to all members of the Association.

53. The notice appears to be in large part directed to the Plaintiffs.

54. The notice states without authority that only homeowners can attend Open Meetings.

55. The notice discusses a sliding scale of $50, $100, and $250 for violations and also states:

> Another fee which we impose which has been oft discussed is a sliding scale fee where you restrict the rights of other Homeowners. This violates the basic acceptance of the rights of others, which you feel your rights have priority to others. The vast majority of Homeowners have asked for separate swimming hours. They have also asked for separate hours for only adult resident swimming. We have provided that as well as provided All resident mixed swim for those few who want it. We have done that in an equitable and fair manner.
>
> When there is a blatant violation we have imposed a sliding scale. $50 the first offense, $100 the second offense and $250 the third offense. People have paid the

>fees and have agreed to live in according to the will of the vast majority. We ask that you respect people's religious and cultural preferences so that an issue of a fine never comes up. Our pool, for example, cannot support or be pleasurable when grandparents bring more than 3-4 grandchildren, or when during separate hours you decide to intrude and cause people to have to leave because you violate their religious beliefs. During Adult Resident swim time, please don't come with your daughters or granddaughters or friends. Please have respect and courtesy. This is a <u>private</u> association of senior Homeowners, not a public action park.

56. Prior to the filing of the lawsuit, Plaintiffs Steve and Diana Lusardi were merely seeking a little more than 2 hours at the pool to conduct physical therapy due to Diana Lusardi's disability.

57. Plaintiff Steve Lusardi and his son, Jason Diana have been harassed, intimidated, and have received threats of violence within their community due to their complaints regarding the pool.

58. As of August 15, 2016 Plaintiffs Steve and Diana Lusardi have listed their home for sale solely due to the gender segregation in the pool and what has transpired as a result.

59. Plaintiff Marie Curto is 60 years old.

60. Plaintiff Marie Curto is a unit owner at A Country Place and her address is 19 A Cactus Drive, Lakewood, NJ 08701.

61. One of the reasons Plaintiff Marie Curto purchased her residence was so she could use the pool with her family.

62. On or about June 28, 2016 Plaintiff Marie Curto was issued a $50.00 fine by the Board for "Violation of Pool Policy."

63. Though not stated in the June 28, 2016 letter, the fine was issued because Plaintiff Marie Curto used the pool during gender segregated hours.

64. After Plaintiff Marie Curto received the fine she made three written requests between June 28, 2016 and July 21, 2016 for a meeting with the Board to dispute the fine and discuss the pool hours.

65. On July 21, 2016 the Board replied to my email, stating that (1) the Board was unable to meet with her, (2) the "pool [hours] meet the requirements of current residents," and (3) the fine was issued because on Friday, June 24, 2016 she refused to leave the pool during men swim hours at 4:30 p.m.

66. On July 22, 2016 Plaintiff Marie Curto sent an email to the Board outlining various concerns, including the following:

    a. Having segregated swimming for all but two hours on Sunday was unfair to married couples and working people;

    b. The swimming hours should have been put up for a vote;

    c. The segregated swimming hours are discriminatory;

    d. The community did not have an ADR system in place in accordance with NJ state law, and the Board was refusing to meet with her.

67. On July 27, 2016 the Board responded to Plaintiff Marie Curto regarding the pool hours as follows:

> It is you that is unfair to the vast majority of our residents. The vast majority of people would not want any mixed gender swim hours at all. That is the community you live in.
>
> . . .
>
> The vast majority of people would abolish any mixed swimming, because that is the will of the majority. As an accommodation to the minority, you have almost 30 percent of the hours as well as women can always come during women's hours and men during men's hours. To give you more on Sunday would be to take away from the majority (much more than 70% of people).

68. Plaintiff Marie Curto is not yet retired.

69. Plaintiff Marie Curto is employed full-time in Freehold, NJ and has a 30 minute commute.

70. Plaintiff Marie Curto's work hours are Monday through Friday, 8:30 a.m. to 4:30 p.m.

71. Due to Plaintiff Marie Curto's work schedule she has very little opportunity to use the pool Monday through Friday.

72. Plaintiff Marie Curto's son had previously swam with her after work, but she is now unable to do that now due to the pool schedule.

73. The current by-laws were enacted in 2010 and subject the A Country Place Condominium Association to the provisions of the Condominium Act, N.J.S.A. 46:8B-1 to -38.

74. According to the by-laws, each unit has one vote and the Association is comprised of all condominium unit owners or members.

75. The term a "majority of members" is defined in the by-laws as "the majority of votes cast."

76. The by-laws further state as follows:

> 16. **RULES OF CONDUCT**. Rules and regulations concerning the use and occupancy of the dwelling units and common areas and facilities may be promulgated and amended by the Board of Directors with the approval of a majority of votes cast by members. Copies of such rules and regulations shall be furnished by the Board of Directors to each member prior to the time when the same shall become effective.
>
> 18. **ASSESSMENT OF FINES.** The Board of Directors shall have the authority to assess fines for the violation of any of the provisions of the Master Deed, By-Laws, or Rules & Regulations.

77. The by-laws, however, do not contain any provisions relating to the amount of fines, a system for the imposition of fines, or a dispute resolution procedure to challenge a fine.

78. The Regulations of the Association as well as the "Pool schedule and rules for summer 2016" nowhere indicate that fines will be imposed for violating informally posted pool rules or the gender segregated schedule.

## COUNT I

### (Federal Fair Housing Act – Sex Discrimination)

1. The Plaintiffs repeat each and every allegation of the Factual Allegations as if same were set forth herein at length.

2. The Federal Fair Housing Act, 42 U.S.C. § 3601 et seq., as amended, prohibits discrimination in housing because of race, color, religion, sex, national origin, familial status, or disability.

3. Specifically, pursuant to 42 U.S.C. § 3604(b) it is unlawful: To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

4. In addition, the accompanying federal regulations codified at 24 C.F.R. § 100.65(b)(4), state that prohibited actions include: Limiting the use of privileges, services or facilities associated with a dwelling because of race, color, religion, sex, handicap, familial status, or national origin of an owner, tenant or a person associated with him or her.

5. Pursuant to 42 U.S.C. § 3617, it is unlawful to interfere, threaten, or coerce persons in the exercise of their fair housing rights.

6. Pool usage restrictions have been universally held to be a blatant violation of the above referenced federal statute and regulations.

7. Defendants pattern of conduct has created a hostile housing environment.

8. Defendants pattern of conduct has been negligent, grossly negligent, reckless, willful, and with a callous disregard of or indifference to the Plaintiffs' rights.

9. Defendants acted with knowledge that their actions violated the law or with reckless indifference to the Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendants, including:

A. Permanent injunctive relief prohibiting Defendants from directly or indirectly proposing, implementing or enforcing common area gender segregation rules, regulations, by-laws and/or changes to the master deed;

B. Permanent injunctive relief prohibiting Defendants from issuing violation notices, fines or sanctions, monetary or otherwise, when males use the community pool in the presence of females, or when females use the community pool in the presence of males;

C. Voiding past and present pool schedules segregated by gender and any previously issued violation notices, fines or sanctions, monetary or otherwise, to any person for violation of the "A Country Place Pool Schedule 2016;"

D. Voiding ab initio the violation notices and fines issued on June 28, 2016 to Plaintiff Marie Curto and Plaintiffs Steve and Diana Lusardi;

E. Compensatory and consequential damages, including out-of-pocket financial losses, loss of use of opportunity and amenities, pain and suffering, emotional distress, mental anguish and humiliation, and other incidental damages;

F. Pre- and post-judgment interest;

G. Punitive damages;

H. Attorney fees and costs of suit; and

I. For other such relief as authorized by law and statute that the Court deems equitable and just.

## **COUNT II**

**(New Jersey Law Against Discrimination)**

1. The Plaintiffs repeat each and every allegation of this verified complaint as if same were set forth herein at length.

2. The New Jersey Law Against Discrimination N.J.S.A. 10:5–4 provides that "All persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right."

3. Defendants' conduct outlined in the Factual Allegations and Count I and II also violated the New Jersey Law Against Discrimination.

WHEREFORE, Plaintiffs demand judgment against the Defendants, including:

A. Permanent injunctive relief prohibiting Defendants from directly or indirectly proposing, implementing or enforcing common area gender segregation rules, regulations, by-laws and/or changes to the master deed;

B. Permanent injunctive relief prohibiting Defendants from issuing violation notices, fines or sanctions, monetary or otherwise, when males use the community pool in the presence of females, or when females use the community pool in the presence of males;

C. Voiding past and present pool schedules segregated by gender and any previously issued violation notices, fines or sanctions, monetary or otherwise, to any person for violation of the "A Country Place Pool Schedule 2016;"

D. Voiding ab initio the violation notices and fines issued on June 28, 2016 to Plaintiff Marie Curto and Plaintiffs Steve and Diana Lusardi;

E.  Compensatory and consequential damages, including out-of-pocket financial losses, loss of use of opportunity and amenities, pain and suffering, emotional distress, mental anguish and humiliation, and other incidental damages;

F.  Pre- and post-judgment interest;

G.  Punitive damages;

H.  Attorney fees and costs of suit; and

I.  For other such relief as authorized by law and statute that the Court deems equitable and just.

## COUNT III

### (Horizontal Property Act and Condominium Act)

1. The Plaintiffs repeat each and every allegation of this verified complaint as if same were set forth herein at length.

2. The pool falls within the definition of a "general common element" in the Horizontal Property Act, N.J.S.A. 46:8A-2.

3. Defendant's actions resulted in an unlawful partition and frustration of use of the common elements, and otherwise hindered and encroached on the lawful rights of Plaintiffs in violation of the Horizontal Property Act.

4. Defendants actions in instituting and enforcing the gender segregated pool rules and regulations were not authorized by law, the master deed, by-laws, and rule and regulations and are substantively void and unenforceable.

5. Defendants actions failed to comply with the procedural requirements set forth by law, the master deed, by-laws, and rule and regulations and are procedurally void and unenforceable.

6. Defendant's issuance of fines is not authorized by the Horizontal Property Act and those fines are void and unenforceable.

7. In the alternative, Defendants issuance of fines without a system affording due process and/or a dispute resolution process is contrary to New Jersey common law and the provisions of the Condominium Act.

8. To the extent it may be applicable, the Condominium Act provides at N.J.S.A. 46:8B-14 that the Association must provide and "fair and efficient" means for unit owners to resolve disputes between one another or against the Association.

9. To the extent it may be applicable, the Condominium Act also requires condominium associations to provide written notice of dispute resolution as a condition of issuing a fine. N.J.S.A. 46:8B-15f.

WHEREFORE, Plaintiffs demand judgment against the Defendants, including:

A. Permanent injunctive relief prohibiting Defendants from directly or indirectly proposing, implementing or enforcing common area gender segregation rules, regulations, by-laws and/or changes to the master deed;

B. Permanent injunctive relief prohibiting Defendants from issuing violation notices, fines or sanctions, monetary or otherwise, when males use the community pool in the presence of females, or when females use the community pool in the presence of males;

C. Voiding past and present pool schedules segregated by gender and any previously issued violation notices, fines or sanctions, monetary or otherwise, to any person for violation of the "A Country Place Pool Schedule 2016;"

D. Voiding ab initio the violation notices and fines issued on June 28, 2016 to Plaintiff Marie Curto and Plaintiffs Steve and Diana Lusardi;

E. Compensatory and consequential damages, including out-of-pocket financial losses, loss of use of opportunity and amenities, pain and suffering, emotional distress, mental anguish and humiliation, and other incidental damages;

F. Pre- and post-judgment interest;

G. Attorney fees and costs of suit; and

H. For other such relief as authorized by law and statute that the Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                          **POWELL & ROMAN, LLC**
                                          131 White Oak Lane
                                          Old Bridge, New Jersey08857
                                          Tel: (732) 679-3777
                                          Attorneys for Plaintiffs

By: _____
                                          Jose D. Roman, Esq.
                                          jroman@lawppl.com

Dated: April 17, 2017