UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CURTO, et al., | : |
| | : |
| Plaintiffs, | : Civ. Action No.: 16-5928-BRM-LHG |
| | : |
| v. | : |
| | : OPINION |
| A COUNTRY PLACE CONDOMINIUM ASSOCIATION, INC., et al., | : |
| | : |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Plaintiffs Marie Curto, Diana Lusardi, and Steve Lusardi's (collectively, "Plaintiffs") Motion for Partial Summary Judgment (ECF No. 27) and (2) Defendant A Country Place Condominium Association, Inc.'s ("CPCA") Motion for Summary Judgment (ECF No. 28). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART AS MOOT**, and the Court **REMANDS** the matter to the Superior Court of New Jersey, Ocean County.

## I. BACKGROUND

Plaintiffs assert claims for sex discrimination pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), the New Jersey Law Against Discrimination N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), the New Jersey Horizontal Property Act of 1963, N.J.S.A. 46:8A-1, *et seq.*, and the New Jersey Condominium Act, N.J.S.A. 46:8B-1, *et seq.* arising from gender segregation at

1

the community pool in the condominium complex where they reside. (*See* Am. Compl. (ECF No. 25)).)

**A. The Parties**

Plaintiffs are residents and unit owners of the A Country Place Community (the "Community"), which is a 376-unit condominium community in Lakewood, New Jersey. (Pls.' Statement of Undisputed Material Facts (ECF No. 27-2) ¶¶ 5, 14, 20, 25; Def.'s Resp. to Pls.' Statement of Undisputed Material Facts (ECF No. 29) ¶¶ 5, 14, 20, 25; Def.'s Statement of Undisputed Material Facts (ECF No. 28) ¶¶ 1, 7; Pls.' Resp. to Def.'s Statement of Undisputed Material Facts (ECF No. 30-1) ¶¶ 1, 7.) CPCA is a non-profit organization organized under New Jersey law. (ECF No. 27-2 ¶ 6; ECF No. 29 ¶ 6.)

**B. Community Pool Policy**

CPCA claims eighty percent of the units in the Community are owned by members of the Jewish Orthodox who "are strictly separated by gender." (ECF No. 28 ¶¶ 9, 10.) In 2011, CPCA implemented a gender-segregated schedule at the pool. (Dep. of Fagye Engelman ("Engelman Dep.") (ECF No. 27-6) at 28:21-29:5; ECF No. 27-2 ¶ 52; ECF No 28 ¶ 19.) In 2016, when this lawsuit was filed, the pool operated under two slightly different schedules, but generally allotted time as follows:

1. <u>Women-Only Swimming</u> – 8:00 to 11:00 a.m. Sunday to Friday; 3:00 to 5:00 p.m. Sunday to Thursday; and 3:00 to 4:00 p.m. Friday.

2. <u>Men-Only Swimming</u> – 11:00 a.m. to 1 p.m. Sunday to Friday; 6:45 to 9:00 p.m. Sunday to Thursday; and 4:00 to 9:00 p.m. Friday.

3. <u>All Residents Swimming</u> – 1:00 to 3:00 p.m. Sunday to Friday and 8:00 a.m. to 9:00 p.m. Saturday.

(Certif. of Angela Maione Costigan, Esq. ("Costigan Cert.") Ex. E (ECF No. 28-14) at 2, Ex. F (ECF No. 28-15) at 2.) During the swimming hours for women, men are not permitted to use the

pool or pool deck. (ECF No. 27-2 ¶ 65; ECF No. 29 ¶ 65.) Similarly, during swimming hours for men, women are prohibited from using the pool or the pool deck. (ECF No. 27-2 ¶ 66; ECF No. 29 ¶ 66.) The association/maintenance fee for the Community is $215.00 per month. (ECF No. 27-2 ¶ 35; ECF No. 29 ¶ 35.) A portion of this fee covers common areas, including the pool, but also covers maintenance of the grounds, snow removal, trash removal, among other services. (ECF No. 27-2 ¶ 36; ECF No. 29 ¶ 36; ECF No. 28 ¶ 36; ECF No. 30-1 ¶ 36.)

The parties dispute the details concerning how and when CPCA implemented a system of fines related to use of the pool (*see* ECF No. 27-2 ¶¶ 41-42; ECF No. 29 ¶¶ 41-42) but agree Steve and Diana Lusardi and Marie Curto were fined $50.00 per household for using the pool during gender-segregated hours. (ECF No. 27-2 ¶¶ 78-79; ECF No. 29 ¶¶ 78-79.) Plaintiffs claim they sought hearings with CPCA to address the fines, but CPCA denied this request. (ECF No. 27-2 ¶¶ 80-84.) CPCA denies these claims and states it responded to Plaintiff's questions and concerns about the fines. (ECF No. 29 ¶¶ 80-84.) The system of fines provided for fines of $50.00, $100.00, and $250.00 for first, second, and third violations of the pool policy, respectively. (ECF No. 27-2 ¶ 92; ECF No. 29 ¶ 92.)

### C. Procedural Background

On August 29, 2016, Plaintiffs initiated this lawsuit via an order to show cause with temporary restraints and a verified complaint filed in the Superior Court of New Jersey, Law Division: Ocean County. (ECF No. 1.) On the same day, the Honorable Craig L. Wellerson, P.J.Cv., entered an order to show cause with temporary restraints (the "TRO"), which temporarily enjoined CPCA from, among other things, enforcing gender segregation at the pool and collecting fines related to the gender-segregation policy. (ECF No. 2.) On September 26, 2016, CPCA removed the matter to this Court. (ECF No. 1.) Judge Wellerson's order expired by operation of law on October 10, 2016. (ECF Nos. 12 & 13.) The parties then agreed to engage in liability

3

discovery and file dispositive motions on threshold issues of law. (ECF Nos. 14 & 23.) The parties consented to amend the pleadings (ECF No. 24), and on April 19, 2017, Plaintiffs filed the Amended Complaint asserting claims for: (1) sex discrimination in violation of Sections 3604(b) and 3617 of the FHA (Count I), (2) violations of NJLAD (Count II), and (3) violations of the Horizontal Property Act and the Condominium Act (Count III). Plaintiffs now move for partial summary judgment on Counts I and III (ECF No. 27), and CPCA moves for summary judgment (ECF No. 28).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

4

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## III. DECISION

### A. Plaintiffs' Standing to Assert Their Claims

As a preliminary matter, CPCA argues Plaintiffs lack standing to assert their claims, because Plaintiffs have not sustained an injury. (ECF No. 28-5 at 10-12.) CPCA contends Plaintiffs testified they were able to use the pool and that they did not pay the fines they were assessed. (*Id.* at 12-14.)

"Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.'" *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2016) "That case-or controversy requirement is satisfied only where a plaintiff has standing." *Id.* (citation omitted). Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

The Court finds Plaintiffs have standing. CPCA mischaracterizes Plaintiffs' claims. Their claims do not arise from an allegation that they were prohibited from using the pool altogether. Rather, they allege CPCA's gender-segregation policy discriminated against them based on gender because they could not access the pool as they would have but for their gender. Furthermore, the FHA allows an "aggrieved person" to commence a civil action to obtain relief from an alleged discriminatory housing practice. 42 U.S.C. § 3613(a). The FHA defines an "aggrieved person" to

include any person who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). Plaintiffs have clearly alleged the gender-segregation of the pool constitutes "(1) [] an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct at 1547. Therefore, Plaintiffs have Article III standing.

### B. CPCA's Motion for Summary Judgment as to Plaintiffs' FHA Claim[1]

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 48 U.S.C. § 3604(b). It is also "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted by [the FHA]." *Id.* § 3617. "A plaintiff can establish a *prima facie* claim of housing discrimination under the [FHA] by showing that the challenged actions were motivated by intentional discrimination or that the actions had a discriminatory effect on a protected class." *Mitchell v. Walters*, No. 10-1061, 2010 WL 3614210, at *6 (D.N.J. Sept. 8, 2010) (citing *Cmty Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005)). Here, Plaintiffs argue CPCA has engaged in intentional discrimination, because the pool schedule facially discriminates and segregates residents by gender.

CPCA argues its gender-segregated schedule for the pool does not discriminate, because the policy applies to both men and women equally. (ECF No. 28-5 at 15.) It argues the policy

---

[1] Because Plaintiffs' FHA claims are the only basis for this Court's original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, the Court first considers CPCA's Motion for Summary judgment on that claim. By considering CPCA's motion first, the Court "view[s] the facts and draw[s] all reasonable inferences in the light most favorable" to Plaintiffs. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

comports with United States Supreme Court precedent that provides a policy is not discriminatory unless "the evidence shows treatment of a person in the manner which, but for that person's sex, would be different." (ECF No 28-5 at 4 (citing *City of Los Angeles Dept. of Water and Power v. Manhart*, 435 U.S. 702, 711 (1978). Plaintiffs argue CPCA advocates "separate but equal" treatment of men and women in violation of *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954).

The Court finds the gender-segregated scheduling does not violate the FHA. Plaintiffs rely on a series of cases in which there was an express intent to discriminate, *i.e.* to place a group at a disadvantage relative to another group. Specifically, Plaintiffs rely on three cases that concern pool restrictions: *Llanos v. Estate of Coehlo*, 24 F. Supp. 2d 1052, 1061-62 (E.D. Cal. 1998); *HUD v. Paradise Gardens*, HUDALJ 04-90-0321-1, 1992 WL 406531, at (HUDALJ Oct. 15, 1992); and *Dept. of Hous. & Urban Dev. v. Beacon Square Pool Ass'n*, 1993 WL 668297 at *1 (H.U.D. 1993). However, each of those cases involved prohibitions on children from using pools and related facilities and are therefore inapposite. The cases did not involve a schedule in which only children could use facilities at certain times while only adults could use them at other times, which would be analogous to the circumstances in this case. CPCA's policy does not exclude men or women from using the pool, as the defendants in Plaintiffs' cited cases excluded children.

The Court is guided by the Third Circuit's decision in *Doe v. City of Butler, Pa.*, 892 F.2d 315 (3d Cir. 1989). *City of Butler* involved a claim of discriminatory effect rather than discriminatory intent, but nonetheless has relevance to this case. In *City of Butler*, the defendant municipality enacted a zoning ordinance that limited the number of residents that could occupy a transitional dwelling. *Id.* at 323. A women's group home challenged the ordinance on the basis it discriminated against women, who would be more likely to trigger the resident limit because they

8

are more likely to reside with children. The Third Circuit, despite agreeing plaintiffs would be affected, found the ordinance was not discriminatory "because the resident limitation would have a comparable effect on males." *Id.* Here, the gender-segregated schedule applies to men and women equally. Therefore, the Court finds the policy does not violate the FHA and CPCA is entitled to summary judgment as a matter of law.

### C. CPCA's Motion for Summary Judgement as to Plaintiffs' State Law Claims

As to Plaintiffs' claims for violations of NJLAD (Count II) and violations of the Horizontal Property Act and the Condominium Act (Count III), this Court declines to exercise supplemental jurisdiction over these state law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

On September 29, 2017, the Court granted a motion to remand in *Richman v. A Country Place Condominium Assoc.*, Case No. 16-9453. That case is pending in the Superior Court and involves NJLAD and New Jersey Condominium Act claims against CPCA regarding the same pool policy. The Court finds the "principles of 'judicial economy, convenience, and fairness to the litigants'" would be best served if this case was remanded to the Superior Court. *See Growth Horizons, Inc.*, 983 F.2d at 1284.

Therefore, CPCA's Motion for Summary Judgment is **GRANTED IN PART** as to

Plaintiffs' FHA claims and **DENIED IN PART AS MOOT** as to Plaintiffs' state law claims.

### D. Plaintiff's Motion for Partial Summary Judgment

Plaintiffs argue they are entitled to summary judgment on their FHA claims, because CPCA's gender-segregated pool schedule is facially discriminatory. (Pls.' Br. in Supp. of Summ. J. (ECF No. 27-3) at 10.) They point out a plaintiff does not have to prove a defendant's malice or discriminatory animus to establish intentional discrimination where the defendant expressly treats someone protected by the FHA differently from others. *Id.* (citing *Potomac Group Home v. Montgomery Cty.*, *Md.*, 823 F. Supp. 1285, 1295 (D. Md. 1993).) However, this Court has found CPCA's policy does not treat men or women differently based on gender and therefore is not discriminatory. The schedule applies to both men and women and is not a restriction on one group. The policy is different from the discriminatory policies in the cases cited by Plaintiffs. Indeed, these pool cases involved blanket prohibitions on use by minors. Similarly, Plaintiffs cite several cases in which group homes for the elderly and disabled were required to comply with zoning requirements that did not apply to those outside those protected classes. *See Bangester v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995) (finding a zoning requirement that residents of a group home for the handicapped had to be supervised for twenty-four hours was discriminatory.); *Fair Housing Ctr. V. Sonoma Bay Comm. Homeowners*, 136 F. Supp. 3d 1364 (S.D. Fla. 2015) (finding a rule prohibiting minors from congregating in property common areas after sundown was discriminatory); *Potomac Group Home*, 823 F. Supp. at 1295 (finding a zoning rule requiring applicants for approval to build a group home for the disabled to notify neighbors was discriminatory).

Because the court has granted CPCA's motion for summary judgment, Plaintiffs' Motion for Partial Summary Judgment as to their FHA claims is **DENIED**. The Court need not reach Plaintiff's arguments regarding their motion for summary judgment as to the Horizontal Property

Act. The Court has declined to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(c), because the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, CPCA's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. Plaintiffs' Motion for Partial Summary Judgment is **DENIED**. An appropriate Order will follow.

**Date: January 31, 2018**                     */s/ Brian R. Martinotti*
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**